*E-Filed 7/19/13*

UNITED SATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH VICTOR LAGANA, | No. C 13-1274 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

**INTRODUCTION**

Petitioner challenges, under 28 U.S.C. § 2241,[1] his pre-trial detention in state custody on charges of contempt of court and disobeying a stay-away order. Petitioner asks the Court to order his release on grounds that the pre-trial proceedings regarding bail and arraignment violated his constitutional rights and that these violations deprived the state court of jurisdiction.

//

//

//

---

[1] Though filed as an action under 28 U.S.C. § 2254, this action is in truth an action under § 2241 because petitioner is a pre-trial detainee. *See Stow v. Murashige*, 389 F.3d 880, 886–87 (9th Cir.2004).

## DISCUSSION

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). More specifically, federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53–54. *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all of the elements of *Younger* are present. Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings. As to the first *Younger* element, the record demonstrates that petitioner's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason that plaintiff cannot pursue his constitutional claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Thus, *Younger* abstention is applicable here.

When *Younger* applies, and the party seeks injunctive relief, as petitioner does here by asking the Court to order his release, federal courts should dismiss the action in its entirety. *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976). Accordingly, the petition is DISMISSED on grounds of abstention.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion to proceed in forma pauperis (Docket Nos. 2 and 4) are GRANTED. The Clerk shall terminate Docket Nos. 2 and 4, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED**.

DATED: July 18, 2013

_____
RICHARD SEEBORG
United States District Judge